AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
At Albuquerque, NM
APR 28 2025
MITCHELL R. ELFERS
CLERK

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| ROBERTA HERRERA | ) | Case No. 25-MJ-941 |
| YOB 1993 | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 28, 2025__ in the county of __Bernalillo__ in the District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC §§ 841(a)(1) & (b)(1)(A)(vi); | Possession with Intent to Distribute 400 grams and more of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); |
| 21 USC §§ 841(a)(1), (b)(1)(A)(i); | Possession with Intent to Distribute 1 kilogram or more of heroin; |
| 21 USC §§ 841(a)(1), (b)(1)(B)(ii); | Possession with Intent to Distribute 500 grams and more of a mixture and substance containing a detectable amount of cocaine; |
| 21 USC § 846 | Conspiracy to Commit drug Trafficking; |
| 18 USC § 924(c)(1)(A)(i) | Using and Carrying a Firearm During and in Relation to a drug Trafficking Crime, and Possessing a Firearm in Furtherance of Such Crime. |

This criminal complaint is based on these facts:

See attached affidavit, approved by AUSA Blake Nichols.

☑ Continued on the attached sheet.

*Complainant's signature*

SA David Zimmerman, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 04/28/2025

*Judge's signature*

City and state: Albuquerque, New Mexico   Hon. Karen B. Molzen
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE ARREST OF:<br><br>ROBERTA HERRERA<br><br>YOB 1993 | Case No. _____ |

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, David Zimmerman, a Special Agent with the Drug Enforcement Administration ("DEA"), being duly sworn, hereby depose and state as follows:

### INTRODUCTION AND BACKGROUND OF THE AFFIANT

1. I make this affidavit in support of the arrest of ROBERTA HERRERA (year of birth 1993) (hereafter "HERRERA"), for violations of:

   a) 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), that being Possession with Intent to Distribute 400 grams and more of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide);

   b) 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), that being Possession with Intent to Distribute 1 kilogram or more of heroin;

   c) 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), that being Possession with Intent to Distribute 500 grams and more of a mixture and substance containing a detectable amount of cocaine;

   d) 21 U.S.C. § 846, that being Conspiracy to Commit drug Trafficking; and

   e) 18 U.S.C. § 924(c)(1)(A)(i), that being Using and Carrying a Firearm During and in Relation to a drug Trafficking Crime, and Possessing a Firearm in Furtherance of Such Crime.

1

2. I have been a Special Agent with the Drug Enforcement Administration ("DEA") since May of 2020. I attended the DEA Training Academy in Quantico, Virginia, where I received approximately 14 weeks of specialized narcotics-related training. As part of the curriculum at the DEA academy, I received advanced training in controlled substance identification, narcotics related investigation techniques, interview and interrogation training, preparation of search warrants, tactical applications of narcotics enforcement, surveillance, and electronic monitoring techniques. I have received training in the methods of operation of Drug Trafficking Organizations, and in the investigation of Title 21 violations. Prior to becoming a Special Agent, I was a sworn Law Enforcement Officer in the state of Colorado. Starting in December 2013, I served with the Boulder Police Department and the Aurora Police Department. I was tasked with conducting investigations of violations of the Colorado Revised Statutes and have authored arrest warrants and search warrants for residences, cell telephones, and social media platforms related to drug investigations. As a result, I am familiar with matters including, but not limited to, the means and methods used by individuals to purchase, transport, store, and distribute drugs and to hide profits generated from those transactions.

3. This affidavit is based upon my personal knowledge, and upon information reported to me by other federal, state, and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. Throughout this affidavit, reference will be made to law enforcement officers. Law enforcement officers are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation.

4. Based on my training, experience, and the facts a set forth in this affidavit, I believe there is probable cause that violations of the following were committed by HERRERA:

a) 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), that being Possession with Intent to Distribute 400 grams and more of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide);

b) 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), that being Possession with Intent to Distribute 1 kilogram or more of heroin;

c) 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), that being Possession with Intent to Distribute 500 grams and more of a mixture and substance containing a detectable amount of cocaine;

d) 21 U.S.C. § 846, that being Conspiracy to Commit drug Trafficking; and

e) 18 U.S.C. § 924(c)(1)(A)(i), that being Using and Carrying a Firearm During and in Relation to a drug Trafficking Crime, and Possessing a Firearm in Furtherance of Such Crime.

5. Because this affidavit is submitted for the limited purpose of securing authorization for a Criminal Complaint and Arrest Warrant, I have not included each and every fact known to me concerning this investigation. This affidavit is intended to show that there is sufficient probable cause for the requested warrant.

### General Background

6. During the course of the investigation, DEA Agents have identified, Heriberto SALAZAR AMAYA ("HSA"), David ANESI, Vincent MONTOYA, and others as high-volume drug traffickers in the Albuquerque, New Mexico metro area, specifically distributing fentanyl, methamphetamine, and cocaine. Agents have identified Roberta HERRERA as MONTOYA's significant other who has been observed participating in drug transactions with MONTOYA.

HERRERA is also listed on PNM utility bills for 112 Sandia Rd. NW Unit A, Albuquerque, New Mexico. That same location has been rented by HERRERA since March of 2021.

### Search of 112 Sandia Rd. NW Unit A on April 28, 2025

7. On April 25, 2025, the Honorable Karen B. Molzen, United States Magistrate Judge, authorized the search of 112 Sandia Rd. NW Unit A (*see* MR-25-775).

8. On April 28, 2025, Agents executed that search warrant.

9. Agents encountered HERRERA and a minor child inside of 112 Sandia Rd. NW Unit A. HERRERA was detained and the premises fully searched.

10. Agents located approximately 200,000 fentanyl pills, weighing approximately 36.55 kilograms, in a large black tote with a yellow lid in the living room area of the premises.[1]



---

[1] Agents have routinely observed suspects in this investigation

4

11. Agents also located HERRERA's purse which contained loose fentanyl pills.

12. Agents located the following 24 guns throughout the premises, including four in a closet, one in HERRERA's purse, and 19 in a large black duffel bag on top of the tote full of fentanyl:

    a. Canik SFx Rival 9mm pistol, serial number T6472-22CM30658;

    b. Black and tan colored AR-style 5.56x45mm pistol with no serial number;

    c. KelTec Sub2000 9mm pistol carbine, serial number 07401;

    d. Smith & Wesson M&P Shield .40 caliber pistol, serial number JDV5702;

    e. Intratec TEC-9 9mm pistol carbine, serial number 02015;

    f. Smith & Wesson 9mm pistol, serial number HXP8229;

    g. Colt .22 caliber pistol, serial number PH36149;

    h. 9mm pistol with Polymer 80 brand polymer lower (serial number PF94DV2) with 9mm upper (no serial number on upper);

    i. Bryco Jennings 9mm pistol, serial number 1413813;

    j. Hi-Point C9 9mm pistol, serial P1698087;

    k. Ruger LC9 9mm pistol, serial number 252358;

    l. Ruger 9mm pistol, serial number 860-08862;

    m. Diamondback DB 380 .380 caliber pistol, serial number ZH8484;

    n. Iver Johnson Target 55A .22 caliber pistol, serial number H44606;

    o. Smith & Wesson M&P FPC 9mm pistol carbine, serial number VA28030;

    p. Connecticut Valley Arms .50 caliber back powder rifle, no serial number;

    q. Grey Ghost Precision 9mm pistol "ghost gun," no serial number;

    r. "Glock" polymer lower 9mm pistol "ghost gun," no serial number;

s.  Ruger EC9 9mm pistol, serial number 45863348;

t.  Springfield Armory Hellcat 9mm pistol, serial number BY388646;

u.  Glock 43X 9mm pistol, serial number B2NK859;

v.  Smith & Wesson M&P 2.0 10mm pistol, serial number NMV8695;

w.  Kimber Micro 9mm pistol, serial number PB0238281;

x.  Ruger SP101 .357 caliber magnum revolver, serial number 578-46105;

13. Agents located approximately 1,543.5 grams of heroin of heroin in a living room closet.

14. Agents located approximately 569.9 grams of cocaine in a drawer in the kitchen of the premises.

## CONCLUSION

15. Based on my training, experience, and the facts a set forth in this affidavit, I believe there is probable cause that violations of violations of the following were committed by HERRERA:

   a) 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), that being Possession with Intent to Distribute 400 grams and more of Fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide);

   b) 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), that being Possession with Intent to Distribute 1 kilogram or more of heroin;

   c) 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), that being Possession with Intent to Distribute 500 grams and more of a mixture and substance containing a detectable amount of cocaine;

   d) 21 U.S.C. § 846, that being Conspiracy to Commit drug Trafficking; and

e) 18 U.S.C. § 924(c)(1)(A)(i), that being Using and Carrying a Firearm During and in Relation to a drug Trafficking Crime, and Possessing a Firearm in Furtherance of Such Crime.

16. Assistant United States Attorney Blake Nichols reviewed and approved this affidavit for legal sufficiency.

David Zimmerman
Special Agent
Drug Enforcement Administration

Subscribed ~~electronically~~ KBM and sworn ~~telephonically~~ KBM before me on April 28, 2025:

HONORABLE KAREN B. MOLZEN
UNITED STATES MAGISTRATE JUDGE

7